United States Court of Appeals,
Eleventh Circuit.

No. 95-8755.

UNITED STATES of America, Plaintiff-Appellee,

v.

David Andrew HENRY, a.k.a. David Henry Corelli, Defendant-Appellant.

May 1, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR412-1-ODE), Orinda D. Evans, Judge.

Before DUBINA and BLACK, Circuit Judges, and O'KELLEY[*], Senior District Judge.

O'KELLEY, Senior District Judge:

Appellant challenges his conviction of being found in the United States after deportation without the Attorney General's consent in violation of Title 8 U.S.C. § 1326. The primary issue on appeal is whether the offense of illegal reentry into the United States after deportation in violation of Title 8 U.S.C. § 1326 is a specific intent crime.

Appellant David Andrew Henry was deported on November 9, 1988, under the name David Andrew Corelli, following his conviction in the State of Virginia for the offense of possession with intent to distribute cocaine. Appellant asserts that he provided the government with his actual name while he awaited deportation; however, his deportation paperwork bore the name David Henry Corelli also known as David Andrew Corelli. On August 21, 1992,

[*]Honorable William C. O'Kelley, Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

appellant obtained a multiple entry United States visa from the United States Embassy in Kingston, Jamaica.  In order to obtain the visa, it was necessary for appellant to complete several forms and answer questions, including questions regarding prior convictions.  Appellant asserts that he submitted the forms as well as a Jamaican passport, which bore the name Dave Andrew St. Alban Henry, to the United States Embassy.  He then underwent an interview.  Pursuant to State Department policy, appellant's visa application was destroyed after one year.

On October 18, 1994, appellant was arrested, having been found in the United States in the Northern District of Georgia without first having obtained the consent of the Attorney General to reapply for admission in violation of Title 8 U.S.C. § 1326.  Appellant was charged in a one count indictment with illegal reentry into the United States after deportation in violation of Title 8 U.S.C. § 1326.

At trial, appellant requested a specific intent instruction as an element of the offense of illegal reentry under Title 8 U.S.C. § 1326.  The court denied appellant's request and instructed the jury that the "government is not required to prove that the defendant knew he was breaking the law in reentering the United States or being in the United States, only that the defendant reentered and was present in the United States voluntarily."  [R4-333].  In addition, the court instructed the jury that "officials and employees of a U.S. Consulate and Immigration Inspectors at points of entry into the United States are not designees of the Attorney General for the purposes of 8, United States Code, section

1326, and as a matter of law cannot provide the consent to reapply for admission referred to in that statute." *Id.* Appellant argues that the court foreclosed any opportunity for appellant to argue that he had a good faith belief as to the Attorney General's, or her designee's, permission to allow him to travel to the United States.

Also at trial, the government called U.S. Foreign Service Officer Patty Hill to testify as to the process by which a prior deportee must obtain permission from the Attorney General to reapply for admission to the United States. Ms. Hill testified as to the various forms that have to be completed in order for a person to obtain a nonimmigrant visa. Ms. Hill further testified that the nonimmigrant visa form asks an applicant whether he or she has ever been convicted as a drug trafficker. Appellant argues that Ms. Hill's testimony should have been excluded because it was speculative, unreliable, prejudicial, confusing, and misleading.

Following a three-day jury trial, appellant was convicted on the single count in the indictment. Appellant was sentenced to sixty-four months imprisonment, to be followed by three years supervised release. Appellant filed a timely notice of appeal.

The statute at issue provides in pertinent part:

§ 1326. Reentry of deported alien; criminal penalties for reentry of certain deported aliens.

(a) Subject to subsection (b) of this section, any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless

(A) prior to his reembarkation at a place outside the United

> States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(a). The trial judge instructed the jury that the elements of a violation of § 1326 are (1) that the defendant is an alien, (2) that the defendant has been arrested and deported from the United States, and (3) that thereafter the defendant was found in the United States without the Attorney General's express consent to reapply for admission. Appellant disputes the elements as set forth above. Appellant does not dispute the first two elements nor that he was found in the United States. However, appellant argues that the government must show that appellant had the specific intent to reenter the United States without the express consent of the Attorney General.

Seven of our sister circuits have addressed this issue. Six have concluded that specific intent is not an element of § 1326. *See United States v. Trevino-Martinez,* 86 F.3d 65 (5th Cir.1996) (section 1326 does not require the government to prove specific intent nor does it provide an alien who reenters this country illegally with a defense of reasonable mistake); *United States v. Espinoza-Leon,* 873 F.2d 743 (4th Cir.1989) (a conviction under § 1326 requires proof merely of a voluntary act by defendant, general intent); *United States v. Hussein,* 675 F.2d 114 (6th Cir.1982) (the government need not prove specific intent under § 1326); *United States v. Hernandez,* 693 F.2d 996 (10th Cir.1982) (section

1326 contains no requirement of specific intent); *United States v. Newton,* 677 F.2d 16 (2d Cir.1982) (there is nothing in the language or legislative history of § 1326 to support the proposition that the government must prove specific intent); *Pena-Cabanillas v. United States,* 394 F.2d 785 (9th Cir.1968) (specific intent is not an element of § 1326). This court has previously opined in dictum that the government "is not required to show specific intent in a § 1326 prosecution." *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972).[1] The Seventh Circuit has concluded that specific intent is an element of § 1326. *United States v. Anton,* 683 F.2d 1011 (7th Cir.1982) (Posner, J., dissenting). The court notes, however, that the decision was handed down by a divided panel over a dissent by Judge Posner.

Section 1326 on its face is silent on the issue of intent. Congress did not explicitly impose a requirement of specific intent anywhere in the statute, nor did it provide that an alien's reasonable belief that he was legally entitled to reenter the United States is a defense to criminal liability. *Trevino-Martinez,* 86 F.3d at 68. The fact that a criminal statute omits any mention of intent does not mean that it will necessarily be construed as eliminating that element from the crime denounced. *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Instead, where a statute is silent as to intent, it becomes a question of legislative intent to be construed by the

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

court. *United States v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922).

The Ninth Circuit analyzed the legislative history of § 1326 in *Pena-Cabanillas* and found nothing to support the proposition that the government must prove specific intent. The power of Congress to control immigration is plenary and vests Congress with broad discretion in defining offenses in the area. *Pena-Cabanillas,* 394 F.2d at 788. "The right to exclude or to expel all aliens or any class of aliens, absolutely or upon certain conditions, is an inherent and inalienable right which is essential to the safety, independence and welfare of every sovereign nation." *Id.* Section 1326 is not based upon any common law crime but is a regulatory statute enacted to assist in the control of unlawful immigration by aliens. *Id.* Thus, the Ninth Circuit concluded that the offense was a typical *mala prohibita* offense, and since it denounces the doing of an act as criminal, if a defendant voluntarily does the forbidden act, the law implies the intent. *Id.* at 788-89 (citing *United States v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922)). Moreover, several other provisions of the same statute prohibit "willful" or "knowing" actions. *See Pena-Cabanillas,* 394 F.2d at 789-90, n. 4. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acted intentionally and purposely in excluding the particular language." *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). Thus, the Ninth Circuit concluded that specific intent is not an element

of § 1326.

We agree with the reasoning set forth above and find that specific intent is not an element of the offense of illegal reentry into the United States after deportation in violation of Title 8 U.S.C. § 1326. Appellant's alleged good faith belief that he had the Attorney General's express permission to reenter the United States is irrelevant. Accordingly, we affirm the trial court's denial of appellant's request for a jury instruction on specific intent. Turning to appellant's remaining two issues on appeal, we uphold the trial court's rulings without discussion.

Accordingly, the judgment of the district court is AFFIRMED.