United States Court of Appeals,

Eleventh Circuit.

No. 96-5159

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Adriano A. PERALT-REYES a.k.a. Adriano Antonio Peraltra-Reyes, Defendant-Appellant.

Dec. 18, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-1005-Cr-Lenard), Joan A. Lenard, Judge.

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

On September 25, 1995, appellant was deported from the United States under the condition—issued as a warning—that he not reenter this country for five years without the Attorney General's permission.[1] Appellant disregarded this warning and on October 30, 1995, arrived at Miami International Airport aboard a flight from the Dominican Republic. After he presented his alien registration card and a Dominican passport, an INS inspector determined, following a computer inquiry, that appellant had been deported five weeks earlier. Appellant was read his *Miranda* rights, and waived his right to remain silent and to have the presence of counsel. He then stated:

> Look, this is what's going on. I was deported a month ago from the United States from New
> Jersey and I was told not to come back after five years, and I did, I'm here, just do whatever

[1] Appellant's deportation resulted from his conviction in a New Jersey state court, on April 25, 1988, for possession with intent to distribute cocaine. For that offense, appellant received a 20-year prison sentence. He served that sentence until September 25, 1995, when he became eligible for parole. On that date, the state turned him over to the federal authorities, who immediately deported him.

you have to do.

A grand jury of the Southern District of Florida promptly indicted appellant for attempting to reenter the United States after having been deported. *See* 8 U.S.C.A. §§ 1326(b), (b)(2) (West Supp.1997). A jury convicted him as charged, and, after sentencing, he took this appeal.

Appellant presents four claims of error. None has merit, and only one is worthy of comment: appellant's claim that the district court erred in refusing to instruct the jury that the charged offense is a specific intent crime, not a general intent crime as the court instructed the jury. In *United States v. Henry,* 111 F.3d 111, 114 (11th Cir.1997), we held that "specific intent is not an element of the offense of illegal reentry into the United States after deportation in violation of Title 8 U.S.C. § 1326." Appellant acknowledges that we are bound by *Henry*'s holding and seeks to distinguish it on the ground that appellant was charged with *attempting* to reenter the United States, not reentering. The First Circuit, in *United States v. Reyes-Medina,* 53 F.3d 327 (1st Cir.1995) (unpublished), found no merit in this distinction. We find *Reyes-Medina* persuasive and adopt its holding.

AFFIRMED.