IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20044
Summary Calendar

_____


UNITED STATES OF AMERICA

                    Plaintiff - Appellee

v.

ADRIAN DANIEL CARDENAS-VALDEZ, also known as Pedro
Gonzalez-Valdez, also known as Daniel Cardenas

                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-362-1
_____

May 9, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Adrian Daniel Cardenas-Valdez appeals

his conviction under 8 U.S.C. § 1326.  For the following reasons,

we AFFIRM.

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 1999, Defendant-Appellant Adrian Daniel Cardenas-Valdez, a citizen of Mexico, was deported to Mexico from Hidalgo, Texas. In early April 1999, Cardenas-Valdez was arrested for criminal mischief in Houston, Texas. A few days later, an Immigration and Naturalization ("INS") agent interviewed Cardenas-Valdez at the Harris County Sheriff's Office. The INS agent determined that Cardenas-Valdez was an undocumented alien with a criminal record. That same day, Cardenas-Valdez gave another INS agent a signed statement admitting that he was citizen of Mexico, that he illegally entered the United States in April 1999, that he was previously deported to Mexico from Hidalgo, and that he had not applied for permission from the U.S. Attorney General to reenter the country.

On June 25, 1999, Cardenas-Valdez was charged in a one-count indictment with being present in the United States as a previously deported alien. See 8 U.S.C. § 1326(a), (b)(2).[1] He

---

[1]     Section 1326 states in relevant part:

(a) In general
   Subject to subsection (b) of this section, any alien who—
      (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
      (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) . . . the Attorney General has expressly consented to such alien's reapplying for admission; or (B) . . . such alien shall establish that he was not required to

entered a plea of not guilty on July 8, 1999.  Cardenas-Valdez

then filed a motion to dismiss the indictment[2] for failing to

allege any intent or act on his part and a motion to suppress the

_____

     obtain such advance consent . . ., shall be fined under
Title 18, or imprisoned not more than 2 years, or both.

     (b) Criminal penalties for reentry of certain removed
aliens
  Notwithstanding subsection (a) of this section, in
the case of any alien described in such subsection—
. . . .
     (2) whose removal was subsequent to a conviction
for commission of an aggravated felony, such alien
shall be fined . . ., imprisoned not more than 20
years, or both . . . .

8 U.S.C. § 1326 (1999).

   [2]   The indictment against Cardenas-Valdez states:

THE GRAND JURY CHARGES:

COUNT ONE
    On or about April 4, 1999, in the Houston Division
of the Southern District of Texas,

ADRIAN DANIEL CARDENAS-VALDEZ,<br>
a/k/a Adrian Cardenas,<br>
a/k/a Adrian Daniel Cardenas,<br>
a/k/a Pedro Gonzales-Valdez,<br>
a/k/a Daniel Cardenas,<br>
a/k/a Pedro Valdez-Gonzales,<br>
a/k/a Carlos Cecillio,<br>
a/k/a Adrean Cardenas,

defendant herein, an alien previously deported, and
removed from the United States, was found present in
the United States at Houston, Texas, without having
obtained consent from the Attorney General of the
United States to reapply for admission into the United
States.

[Violation: Title 8, United States Code, Sections
1326(a) and 1326(b)(2)]

evidence of his prior deportation.  The district court subsequently denied both motions.

Following these rulings, Cardenas-Valdez waived his right to a trial by jury.  Based on an agreed stipulation of facts, the district court found Cardenas-Valdez guilty of the charge contained in the indictment.  On January 10, 2000, the district court sentenced Cardenas-Valdez to fifty-seven months in prison and three years of supervised release.

Cardenas-Valdez timely appeals.


## II. STANDARD OF REVIEW

We review challenges to the sufficiency of the indictment, which have been preserved by being raised in the district court, under a de novo standard of review.  See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000); United States v. Asibor, 109 F.3d 1023, 1037 (5th Cir. 1997).  Furthermore, "[b]ecause an indictment is jurisdictional, . . . the defect is not waived by a guilty plea."  United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999) (internal quotations and citations omitted); see also United States v. Marshall, 910 F.2d 1241, 1243 (5th Cir. 1990).


## III. CARDENAS-VALDEZ'S CHALLENGES TO HIS CONVICTION

Cardenas-Valdez raises five issues on appeal regarding the sufficiency of the indictment and due process.  He contends: (1)

4

his indictment was defective for failing to allege specific criminal intent; (2) his indictment was defective for failing to allege general intent; (3) his indictment was defective for failing to allege any criminal act; (4) his indictment was defective for failing to allege the fact of his prior conviction; and (5) the evidence of his prior deportation should have been suppressed because he was denied due process at his prior deportation proceeding.

## A. Specific Criminal Intent

Cardenas-Valdez concedes that, under the law of this circuit, § 1326 does not require that an indictment allege specific intent.  See, e.g., United States v. Ortegon-Uvalde, 179 F.3d 956, 959 (5th Cir.), cert. denied, 528 U.S. 979 (1999); United States v. Treviño-Martinez, 86 F.3d 65, 68 (5th Cir. 1996); see also, e.g., United States v. Peralt-Reyes, 131 F.3d 956, 957 (11th Cir. 1997); United States v. Ayala, 35 F.3d 423, 426 (9th Cir. 1994).  Cardenas-Valdez raises this issue to preserve it for further review by the Supreme Court.

## B. General Criminal Intent

In essence, Cardenas-Valdez argues that the indictment violates the Fifth and Sixth Amendments to the U.S. Constitution because it does not allege, at the very least, any general intent on his part.  We recently considered this very issue.  See United States v. Berrios-Centeno, No. 00-20373, --- F.3d ---- (5th Cir. April 27, 2001).  We first held that § 1326 is a general intent

5

offense (and not a strict liability offense, as advocated by the government). See id., manuscript at 6-8. We also held that Berrios-Centeno's indictment sufficiently alleged the requisite general intent as it fairly conveyed that the defendant's presence in the United States was a voluntary act. See id., manuscript at 9-12. The indictment in the instant case is almost identical to the indictment found sufficient in Berrios-Centeno. For the reasons stated in Berrios-Centeno, we conclude that Cardenas-Valdez's indictment sufficiently alleged the general intent mens rea required of § 1326 offenses.

### C. Criminal Act

Cardenas-Valdez also argues that his indictment failed to allege that he had committed any criminal act because it charged only a passive "status crime" of having been found in the United States. He recognizes that this argument is foreclosed by our decision in United States v. Tovias-Marroquin, 218 F.3d 455, 456-57 (5th Cir.), cert. denied, 121 S. Ct. 670 (2000), and raises this issue for preservation purposes only.

### D. Prior Conviction

Cardenas-Valdez received a sentence enhancement as a result of a prior felony conviction. He argues on appeal that prior felony convictions are elements of the offense under 8 U.S.C. § 1326, as opposed to mere sentencing enhancements. He recognizes that this issue has been resolved against him by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See

<u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (stating, in a case regarding the very challenge that Cardenas-Valdez asserts here, that lower courts are compelled to follow directly controlling Supreme Court precedent "'unless and until'" the Court speaks to the contrary (citations omitted)), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Cardenas-Valdez raises this issue in order to preserve it for further review by the Supreme Court.

### E. Due Process in Prior Deportation Proceeding

Finally, Cardenas-Valdez asserts that the district court erred by denying his motion to suppress the evidence of his prior deportation. He argues that the administrative removal procedure denied him due process and that the removal should not have been used against him to establish his § 1326 offense. He claims further that he was deprived of an impartial decisionmaker because the INS acted as investigator, prosecutor, and adjudicator in his deportation case. As a result, he contends that he may obtain relief without showing any actual prejudice from his defective deportation proceeding.

Cardenas-Valdez concedes this argument is also foreclosed by our decisions in <u>United States v. Benitez-Villafuerte</u>, 186 F.3d 651 (5th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 838 (2000), and <u>United States v. Lopez-Vasquez</u>, 227 F.3d 476 (5th Cir. 2000). Again, he raises the argument for preservation purposes only.

7

**IV.  CONCLUSION**

For the foregoing reasons, the conviction of Adrian Daniel Cardenas-Valdez is AFFIRMED.