[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-15086
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-60112-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL DAVID SANTANA-GUZMAN,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(October 17, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Defendant-Appellant Joel David Santana-Guzman appeals his conviction and 46-month sentence for attempted illegal reentry into the United States. No reversible error has been shown; we affirm.

We first address Santana-Guzman's challenge to his conviction. Santana-Guzman asserts that the district court should have dismissed the indictment charging him with attempted illegal reentry because the indictment failed to allege that Santana-Guzman acted with specific intent to commit this offense. Santana-Guzman concedes that we rejected his argument in our decision in United States v. Peralt-Reyes, 131 F.3d 956 (11th Cir. 1997). We are bound to follow our prior precedent; and we affirm Santana-Guzman's conviction. See United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding . . . ." ); Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is emphatic that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.").

We now address Santana-Guzman's challenges to his sentence. Santana-Guzman argues that the district court erred in not considering his acceptance of responsibility when determining his sentence. Before the district court, Santana-Guzman argued that he should receive a one-level decrease in his offense level for

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). He acknowledged that the district court could apply this one-level reduction only upon a motion by the government, which was not made in this case; but Santana-Guzman still asserted that the district court could consider his acceptance of responsibility in imposing a reasonable sentence. On appeal, Santana-Guzman contends that the district court should have reduced his sentence for his timely acceptance of responsibility under 18 U.S.C. § 3553.[1]

After the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), we review a sentence for reasonableness in the light of the factors set out at 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the

---

[1]Although it is not entirely clear, it appears that Santana-Guzman also argues that the district court erred by misconstruing his argument -- which supported a reduction in his sentence for acceptance of responsibility -- as an objection to the government's failure to move for such a reduction and then overruling that objection. Even if we assume that the district court construed Santana-Guzman's argument as he described, Santana-Guzman clarified for the district court that he had not raised an objection because he could not receive an acceptance-of-responsibility reduction unless the government filed a motion supporting that reduction. In response to that statement by Santana-Guzman, the district court instructed the parties to disregard its ruling. We see no reversible error here.

medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "Review for reasonableness is deferential"; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, as we have discussed, Santana-Guzman argued at sentencing that the district court should consider that he did not receive an acceptance-of-responsibility reduction; and in sentencing Santana-Guzman to the low end of his advisory Guidelines range, the district court explained that it considered the statements of the parties, the section 3553(a) factors, and Santana-Guzman's Guidelines range. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The Supreme Court has recently explained that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." See Rita v. United States, 127 S.Ct. 2456, 2462 (2007).

The district court was not required to discuss all of the section 3553(a) factors at the sentencing hearing.[2] See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). Nothing in the record convinces us that Santana-Guzman's sentence was unreasonable in the light of the section 3553(a) factors.

Santana-Guzman also contends that the district court violated the Fifth Amendment by enhancing his sentence based on a prior conviction not charged in his indictment. We review Santana-Guzman's constitutional challenge de novo. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Under Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), which remains binding precedent, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005); see also United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir. 2005)

---

[2] And Santana-Guzman cites no authority for his argument that, in calculating his sentence, the district court should have considered the government's failure to file a motion for a sentence reduction for acceptance of responsibility.

5

(explaining that <u>Almendarez-Torres</u> remains good law "until the Supreme Court determines that <u>Almendarez-Torres</u> is not controlling precedent") (internal quotation omitted). Because we continue to follow <u>Almendarez-Torres</u>, the district court did not err in using Santana-Guzman's prior conviction to enhance his sentence.

We affirm Santana-Guzman's conviction and sentence.

**AFFIRMED.**