[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-14810
Non-Argument Calendar

_____

D. C. Docket No. 06-00312-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOYSIE NICHOLAS CURLING,
a.k.a. Victor Clark,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 18, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Boysie Nicholas Curling appeals his convictions and 156-month total sentence for illegal re-entry into the United States after previously being deported, 8 U.S.C. § 1326, and possession of firearms by a felon and illegal alien, 18 U.S.C. § 922(g)(1), (5). No reversible error has been shown; we affirm.

On appeal, Curling argues that the district court abused its discretion in admitting into evidence the judgment of his prior conviction for illegal re-entry into the United States because admission of this evidence showed only his propensity to commit the crimes in the indictment in violation of Fed.R.Evid. 404(b) and was unfairly prejudicial under Fed.R.Evid. 403.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). For evidence of other crimes to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be outweighed substantially by its undue prejudice, and the evidence must meet the other requirements of Rule 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

The district court did not abuse its discretion in admitting this evidence. By pleading not guilty to all counts and refusing to stipulate to his felon, illegal alien, and previously deported statuses, Curling required the government to prove every element of each offense. And evidence of his prior felony conviction for illegal reentry properly was admitted because it was necessary to prove his felon and illegal alien statuses for violations of sections 922(g)(1), (5).

Curling's not guilty plea and refusal to stipulate also placed his intent and knowledge at issue. Because the nature of Curling's prior conviction was similar in nature to the charged illegal re-entry count, the conviction was probative of his intent in the charged offense. See Rule 404(b) (evidence of other crimes is admissible to prove, among other things, intent, knowledge, or absence of mistake); United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005) ("[a] similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense"). We also conclude that the high probative value of the evidence was not outweighed substantially by the danger of unfair prejudice and, thus, was not subject to exclusion under Rule 403.[1]

---

[1]Additionally, the court limited any prejudicial impact of the evidence by instructing the jury about its limited purposes. See United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007).

Curling next contends that the district court erred in denying his motions for judgment of acquittal and new trial because the evidence was insufficient and against the weight of the verdict to support his convictions. We review de novo a preserved sufficiency-of-the-evidence challenge, viewing the evidence in the light most favorable to the government, and taking all reasonable inferences and credibility choices in the government's favor. Matthews, 431 F.3d at 1309-10. We review for an abuse of discretion the denial of a motion for a new trial based on the weight of the evidence. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).[2]

To support a conviction for illegal re-entry, the government must prove that defendant is (1) an alien; (2) who previously was deported; (3) thereafter was found in the United States; and (4) did not have permission to re-enter. 8 U.S.C. § 1326(a); United States v. Henry, 111 F.3d 111, 113 (11th Cir. 1997). Here, evidence overwhelmingly supports this conviction: the evidence showed that Curling was an alien who had been deported back to Jamaica in 2005 (after having been convicted of illegal re-entry) and returned to Florida six months later without permission. While Curling contends that no evidence showed that he entered the

---

[2]With a motion for a new trial, the district court is not required to view the evidence in the light most favorable to the verdict and may re-weigh the evidence and credibility of witnesses. Id.

United States voluntarily, the government is not required to prove a defendant's specific intent to reenter the United States without permission. See id. at 113-14.

About the firearm counts, the only element in dispute is whether Curling knowingly possessed the firearms. See United States v. Salman, 378 F.3d 1266, 1267 n.2 (11th Cir. 2004) (noting elements of a section 922(g)(5) offense); United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000) (listing the elements of a section 922(g)(1) offense). Both the sufficiency and the weight of the evidence support the verdicts on these counts: Tamela Robinson, Curling's former girlfriend with whom he stayed after re-entering the United States, testified that Curling brought a duffle bag into her home. She later looked in the bag and saw several firearms. She also testified that Curling threatened her with one of the firearms while the two of them were in her children's room, where Curling slept. Contrary to Curling's assertion that Robinson's testimony was not credible and uncorroborated, it was corroborated by law enforcement's discovery of the bag containing the firearms in the children's room along with men's clothing and by Robinson's panicked state of mind when she interacted with the officers.[3]

We turn to Curling's challenge to his sentence. He argues that the 156-month sentence imposed by the district court -- which was twice the top of the applicable

---

[3]Robinson called the police about Curling after he had threatened her with a large gun.

5

Sentencing Guidelines range of 78 months -- was unreasonable.  We review Curling's sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a).  See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).  And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).

Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Curling's sentence was reasonable. Though his sentence varied upward from the advisory guidelines range, it was seven years below the 20-year statutory maximum he faced.  See 8 U.S.C. § 1326(b)(2); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term

6

imposed against the statutory maximum). In addition, the district court explained that it considered the section 3553(a) factors and that a sentence above the advisory guidelines range was appropriate in Curling's case. The court specifically noted the egregious nature of Curling's offenses -- including the large number of firearms he possessed and how he threatened Robinson with the firearms and physically harmed her -- and Curling's lack of respect for immigration and criminal laws of the United States, based on his immediate returns to the United States after deportation and commission of felony offenses. The district court clearly considered the seriousness of the offense, Curling's history, the nature and circumstances of the offense conduct, and the need for protection and deterrence in applying an upward variance. See § 3553(a)(1), (2)(A)-(C).

And we conclude, based on the evidence in the record, that the district court adequately justified its upward variance. See Gall, 128 S.Ct. at 597 (explaining that a sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance"). The record reflects that Curling twice had been deported for being in the United States illegally; and, after both times, he re-entered shortly after deportation and committed felony offenses. In addition, about the instant offenses, Curling possessed eight firearms; and Robinson testified that Curling threatened her with

7

these firearms, and physically and sexually assaulted her, sometimes in front of her children.

Here, the district court determined that the guidelines range did not yield a reasonable sentence, and nothing in the record convinces us the sentence was unreasonable. See id. (explaining "that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court"); see also United States v. Amedeo, 487 F.3d 823, 833-34 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007) (affirming a substantial upward variance based on extraordinary circumstances of cocaine distribution offense, which included defendant's distribution of cocaine to a minor and sexual assault).

AFFIRMED.