[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 31, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10447
Non-Argument Calendar

_____

D. C. Docket No. 07-00368-CR-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR AGUILA-PEREZ,
a.k.a. Esteban Pavon-Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Cesar Aguila-Perez appeals the district court's denial in part of his motion to

suppress statements and evidence, including his fingerprints and alien file, in connection with his conviction for illegally reentering the United States, in violation of 8 U.S.C. § 1326(a) and (b).

A detective and police officers encountered Aguila-Perez when they went to a residence to investigate alleged illegal drug activity. They knocked on the door and Aguila-Perez answered. Aguila-Perez "beckoned" the officers inside the house. They had no warrant. Aguila-Perez informed the officers that other individuals were in the residence; the officers performed a security sweep. Aguila-Perez admitted being a member of a gang and gave a false name. He was arrested for giving a false name but was not advised of his *Miranda*[1] rights. During questioning to ascertain Aguila-Perez's biographical information, Aguila-Perez admitted that he entered the United States illegally. At a later meeting, an officer ascertained that Aguila-Perez was previously deported from the United States. A database search based on fingerprints obtained during the meeting revealed Aguila-Perez's identity and his pre-existing alien file. Only after this meeting was Aguila-Perez advised of his *Miranda* rights and placed in ICE custody. At an evidentiary hearing, Aguila-Perez made a motion to suppress statements and evidence, which the magistrate judge granted in part and denied in part. Aguila-Perez subsequently

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

entered a conditional guilty plea, preserving his right to appeal the denial of his motion to suppress evidence.

On appeal, Aguila-Perez first argues that the court erred in finding that he had consented to the officers' entry into the house. Second, Aguila-Perez contends that, even if consent is assumed, the officers' protective sweep exceeded the scope of his consent. Third, Aguila-Perez argues that officers seized him without reasonable suspicion, probable cause, or exigent circumstances. Fourth, Aguila-Perez concedes that neither his fingerprints nor his alien file may be suppressed under *United States v. Farias-Gonzales*, 556 F.3d 1181 (11th Cir. 2009), *petition for cert. filed*, (U.S. May 4, 2009) (No. 08-10195), but preserves this issue for subsequent review. Fifth, Aguila-Perez contends that the warrantless seizure and custodial interrogation required *Miranda* warnings.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Santa*, 236 F.3d 662, 668 (11th Cir. 2000) (internal quotation marks and citation omitted). We review the district court's finding of fact for clear error and its application of the law to the facts *de novo*. *Farias-Gonzalez*, 556 F.3d at 1185. However, if there is an error, in the context of suppression, we will not reverse a district court's decision if it is determined that, under the doctrine of harmless error, the error in question did not have any impact

3

on the proceedings. *United States v. Alexander*, 835 F.2d 1406, 1411 (11th Cir. 1988).

To support a conviction for illegal re-entry, the government must prove that a defendant is (1) an alien; (2) who previously was deported; (3) thereafter was found in the United States; and (4) did not have permission to re-enter. 8 U.S.C. § 1326(a). "[S]pecific intent is not an element of the offense of illegal re-entry into the United States after deportation in violation of [] § 1326." *United States v. Henry*, 111 F.3d 111, 114 (11th Cir. 1997).

In *Farias-Gonzalez*, the defendant was charged with illegally reentering the country after deportation, in violation of 8 U.S.C. § 1326. 556 F.3d at 1183. The defendant filed a motion to suppress, contending that his Fourth Amendment rights had been violated by an unreasonable search and seizure, and he sought to suppress all evidence obtained as a result. *Id.* The district court agreed that the search and seizure was unconstitutional and, accordingly, ordered the suppression of all of the evidence except for the fingerprint evidence and the defendant's alien file. *Id.* at 1184. An alien file contains *inter alia* (1) evidence of prior deportations; (2) evidence of lawful entries into the United States; and (3) fingerprints. *Id.* at 1184 n.2.

In order to determine in *Farias-Gonzalez* whether the exclusionary rule

should be applied to identity-related evidence obtained as a result of a constitutional violation, we applied the cost-benefit balancing test articulated in *Hudson v. Michigan*, 547 U.S. 586, 126 S. Ct. 2159 (2006). *Farias-Gonzalez*, 556 F.3d at 1186. On the one hand, we reasoned that the societal cost associated with suppressing identity-related information was "great." *Id.* at 1189. We noted that the cost of suppressing identity-related evidence was particularly great in the § 1326 context since, under that statute, the defendant's presence in the country constitutes an ongoing violation. *Id.* at 1188 n.8. On the other hand, we concluded that minimal deterrence benefit would be gained by applying the exclusionary rule. *Id.* at 1189. Therefore, we held that "the exclusionary rule does not apply to evidence to establish the defendant's identity in a criminal prosecution." *Id.* As such, we held that the fingerprint evidence was not suppressible. *Id.* Further, an alien file, containing the defendant's fingerprints and deportation history, is not suppressible when it is identity-related evidence, regardless of whether the government had found the file as a result of an unlawful search and seizure. *Id.* at 1189-90.

In this case, as in *Farias-Gonzalez*, Aguila-Perez's conviction was based on identity-related evidence concerning his name and fingerprints, and information from his pre-existing alien file. Because identity evidence, including Aguila-

Perez's fingerprints and alien file, even if obtained pursuant to alleged Fourth Amendment violations, is not suppressible, and Aguila-Perez does not dispute that such evidence is sufficient to affirm his conviction, any error by the district court in denying other portions of his motion to suppress was harmless.

Upon review of the record and upon consideration of the parties' briefs, we affirm.

**AFFIRMED.**