[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10902
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60253-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMIAS GUILLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2019)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jeremias Guillen, a citizen of El Salvador, appeals following his conviction

for illegally reentering the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues the district court erred in denying his motion to dismiss the indictment in his case because (1) the notice to appear (NTA) in his underlying immigration case did not specify the date and time of his removal hearing, causing the Immigration Judge (IJ) that ordered his underlying removal to have no jurisdiction over his removal proceedings, and (2) the order of removal which formed the basis for his criminal indictment was entered by an immigration court *in absentia* and in violation of his right to due process.  After review, we affirm the district court.

We review the district court's denial of a motion to dismiss the indictment for abuse of discretion.  *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002).  For purposes of 8 U.S.C. § 1326, the existence of an underlying deportation order is an adjudicative fact to be proven by the government.  *See United States v. Henry,* 111 F.3d 111, 113 (11th Cir. 1997). However, a defendant charged with violating that Section may collaterally challenge the validity of his underlying deportation order in the criminal proceeding, which is an issue of law to be reviewed *de novo* on appeal.  *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002).

Under the Immigration and Nationality Act, an individual may be ordered removed *in absentia* if he does not attend a removal proceeding after written notice has been provided.  8 U.S.C. § 1229a(b)(5)(A).  An alien may seek to rescind an *in*

2

*absentia* removal order by filing a motion to reopen at any time if he demonstrates that he did not receive proper notice of the removal proceedings. *Id.* § 1229a(b)(5)(C). A rescission order may be sought even after deportation. *See Zelaya*, 293 F.3d at 1297.

First, Guillen's argument regarding the IJ's jurisdiction in his underlying removal hearing is foreclosed by our decision in *Perez-Sanchez v. U.S. Attorney General*, 935 F.3d 1148 (11th Cir. 2019). Construing 8 U.S.C. § 1229(a), this Court held that although an NTA is deficient if it fails to include both the time and place of removal proceedings, the statute's time and place requirements do not operate as a jurisdictional rule. *Id.* at 1153-54. Similarly, this Court held that 8 C.F.R. § 1003.14, which stated jurisdiction vested with the IJ upon the filing of the NTA with the immigration court, set forth only a claim-processing rule. *Id.* at 1155-57. Accordingly, this Court held the IJ and BIA properly exercised jurisdiction over the petitioner's removal hearing pursuant to their statutory authority because any alleged defect in the petitioner's NTA violated only a claim-processing rule. *Id.* at 1157. Thus, Guillen's argument the IJ did not have jurisdiction over his removal proceeding fails.

Second, Guillen failed to establish that he was deprived of an opportunity for judicial review and that his removal proceedings before the immigration court were fundamentally unfair. *See* 8 U.S.C. § 1326(d); *United States v. Watkins*, 880 F.3d

3

1221, 1224 (11th Cir. 2018) (providing to challenge the validity of an underlying deportation order in a criminal proceeding for illegal reentry, a defendant must show all three of the following: (1) all available administrative remedies have been exhausted; (2) the deportation proceedings deprived him of the opportunity for judicial review; and (3) the deportation proceedings were fundamentally unfair). Although Guillen asserts he was denied notice and an opportunity to be heard during his original removal proceeding, the record reflects the NTA notified Guillen that he could be ordered removed *in absentia* and that Guillen used an opportunity to seek review of his order of removal by moving the IJ to reopen his case. The IJ denied that motion to reopen in 2017, stating Guillen had "not established improper notice [or] exceptional circumstances. It appears [Guillen] knew [about] the hearing but was afraid to appear." Thus, Guillen cannot establish he was deprived of an opportunity for judicial review. *See Watkins*, 880 F.3d at 1224.

Further, Guillen failed to argue in his initial appellate brief that he was prejudiced by the NTA's failure to specify the date and time of his hearing. *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (stating arguments raised for the first time in a reply brief are deemed abandoned). Thus, he has abandoned that argument, and has failed to establish his removal proceeding was fundamentally unfair. *See United States v. Holland,* 876 F.2d 1533, 1536 (11th

4

Cir. 1989) (proving "fundamental unfairness requires a showing that specific errors prejudiced the defendant").  An alien characterizing an underlying deportation as fundamentally unfair must, at a minimum, demonstrate that the outcome of the deportation proceeding would have been different but for a particular error. *Zelaya*, 293 F.3d at 1298.  Moreover, Guillen does not present any law suggesting a removal order entered *in absentia per se* violates due process.

Accordingly, the district court did not abuse its discretion in denying Guillen's motion to dismiss the indictment, and we affirm.

**AFFIRMED.**