[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10986

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE MANUEL RIVERA-MUNOZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cr-00071-RH-MJF-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Manuel Rivera-Munoz appeals his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), challenging the sufficiency of the evidence against him as to whether he was "voluntarily in the United States" and contesting the constitutionality of the "found in" provision of 8 U.S.C. § 1326 as void for vagueness. Both challenges are raised for the first time on appeal.

## I. Sufficiency of the Evidence

Generally, we review *de novo* whether evidence is sufficient to support a conviction. *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013). However, when "a defendant does not move for acquittal or otherwise preserve an argument regarding the sufficiency of the evidence in the court below, [he] must shoulder a somewhat heavier burden: we will reverse the conviction only where doing so is necessary to prevent a manifest miscarriage of justice." *Id.* (quotation marks omitted). Specifically, the manifest miscarriage of justice standard requires us to find "either that the record is devoid of evidence of an essential element of the crime or that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Waters*, 937 F.3d 1344, 1356 (quotation marks omitted). In addition, we review the evidence "in the light most favorable to the government and accept all reasonable inferences and credibility determinations that support the jury's verdict." *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006). "The test for sufficiency of the evidence is

identical[,] regardless of whether the evidence is direct or circumstantial, but if the government relied on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Martin*, 803 F.3d 581, 587-88 (11th Cir. 2015) (quotation marks and citations omitted, alteration in original).

It is unlawful for an alien to, without express permission, reenter the United States after they were previously denied admission, excluded, deported, or removed from the United States. 8 U.S.C. § 1326(a). To demonstrate that a defendant unlawfully reentered the United States after deportation under 8 U.S.C. § 1326(a), the government must prove beyond a reasonable doubt: "(1) that the defendant is an alien, (2) that the defendant has been arrested and deported from the United States, and (3) that thereafter the defendant was found in the United States without the Attorney General's express consent to reapply for admission." *United States v. Henry*, 111 F.3d 111, 113 (11th Cir. 1997). We clarified that "specific intent is not an element of the offense of illegal reentry into the United States after deportation." *Id.* at 114. Instead, the government may prove the defendant's general intent by showing that he took a voluntary act by reentering the United States. *See id.*

Moreover, "when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction"—even when the

government failed to object to the error in the jury instruction. *Musacchio v. United States*, 577 U.S. 237, 241, 243-45. "All that a defendant is entitled to on a sufficiency challenge is for the court to make a legal determination whether the evidence was strong enough to reach a jury at all." *Id.* at 244 (quotation marks omitted). "A reviewing court's limited determination on sufficiency review thus does not rest on how the jury was instructed." *Id.* at 243. If the jury finds guilt on the essential elements of the charged crime, the defendant has had a "meaningful opportunity to defend" against the charge. *Id.* at 243-44 (quoting *Jackson v. Virginia*, 443 U.S. 307, 314 (1979)). Thus, the government's failure to introduce evidence of an additional element does not implicate the principles that sufficiency review protects. *Id.* at 243.

As noted above, the three elements of the crime charged are: (1) that Rivera-Munoz is an alien; (2) that he was previously arrested and deported from the United States; and (3) that thereafter he was found in the United States without the Attorney General's express consent to reapply for admission. However, the jury instructions in this case added a fourth requirement; the jury was told it had to find that Rivera-Munoz was *voluntarily* in the United States. In this appeal, Rivera-Munoz challenges only this fourth requirement imposed unnecessarily by the jury instruction. However, as also noted above, the sufficiency issue focuses only on the statutory elements rather than on the unnecessary additional requirement imposed by the jury instruction. Moreover, because Rivera-Munoz did not move for acquittal in the district court or otherwise preserve a sufficiency issue, we review only for a manifest

miscarriage of justice.  And, as also noted above, the statutory element—i.e. found in the United States without the Attorney General's express consent to reapply for admission—requires proof only of a defendant's general intent to reenter without permission.

Here, there is of course overwhelming evidence that Rivera-Munoz was found in the United States without permission to be here and that he knew that he was prohibited from reentering the United States without permission.  There is no evidence that he appeared in the United States mistakenly, accidentally, or in any manner other than his own voluntary act of entering the United States.  On two previous occasions—in 2009 and 2017—he admitted that he entered the United States illegally to get work.  We readily conclude that Rivera-Munoz's conviction on the evidence here falls far short of a manifest miscarriage of justice.

## II.  Vagueness

Ordinarily, we review constitutional claims *de novo*.  *United States v. Lewis*, 40 F.4th 1229, 1246 (11th Cir. 2022).  However, if the defendant does not raise the constitutional challenge below, we review the defendant's arguments for plain error.  *Id.*  "To establish plain error, a defendant must show (1) error; (2) that is plain; (3) that affects his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

In *Canals-Jimenez*, we noted that the "found in" requirement under 8 U.S.C. § 1326 could present a vagueness issue for individuals who enter the United States and present themselves at an official border checkpoint. *United States v. Canals-Jimenez*, 943 F.2d 1284, 1289-90 (11th Cir. 1991). However, we also explained that the "found in" provision "may well properly be an offense which is not void for vagueness" when applied to individuals who enter the United States surreptitiously. *Id.* Moreover, we recognized "that a plausible argument can be made that the statute does advise a defendant as to what conduct by that defendant will avoid the commission of a crime." *Id.* at 1289. In particular, a defendant "could leave the United States." *Id.* In support, we noted that "[§] 1326 was passed to fulfill the purpose of being able to prosecute aliens who are illegally present in the country and entered the country surreptitiously." *Id.* Ultimately, we chose to avoid the vagueness issue as the case could be resolved on other grounds. *Id.* at 1289-90 ("We do not decide the issue of the constitutionality of this portion of the statute against a claim of void for vagueness because it is not necessary to the decision of this case.").[1]

---

[1] In *United States v. Gay*, 7 F.3d 200, 202 (11th Cir. 1993), the defendant argued that *Canals-Jimenez* had held that "found in" the United States, in § 1326, applies only to aliens "found in" the United States after surreptitious entry bypassing recognized immigration ports of entry. We rejected that argument in *Gay*, and held that the statement to that effect in *Canals-Jimenez* was dicta, and that Gay was properly convicted under § 1326 when he was "found in" Miami after having illegally reentered the United States through a recognized immigration port of entry (Kennedy International Airport) using the passport he should have turned in (but did not) when he was deported.

23-10986                Opinion of the Court                7

In his brief on appeal Rivera-Munoz acknowledges that *Canals-Jimenez* did not resolve the issue of whether the "found in" clause in § 1326 is unconstitutional for vagueness.  Because our review of this vagueness issue is only pursuant to the plain error standard, and because neither this Court nor the Supreme Court has held that the clause is unconstitutionally vague, Rivera-Munoz's challenge fails.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**